**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cr-05027-MDH- 1** |
| | ) | |
| **ROBERT LENNOX,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's *pro se* motion requesting compassionate release or, in the alternative, "a trial by jury.". (Doc. 107). Defendant is serving a 78-month term of imprisonment after pleading guilty to one count of receipt and distribution of child pornography. Defendant moves for a reduction in sentence due to his age, medical conditions, his mother's age and health, and rehabilitation. Defendant first filed a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(1)(A) in May of 2025, asserting the same reasons. (Doc. 98). The Court denied that motion on June 2, 2025, for failure to exhaust administrative remedies. (Doc. 99). On 08/18/2025 Defendant filed another Motion for Compassionate Release. (Doc. 102). The Court again denied that motion for failure to exhaust administrative remedies. (Doc. 106). Now, Defendant brings a third motion for compassionate release. (Doc. 107). The Government argues the motion should be denied because innocence and ineffective assistance of counsel are not enumerated reasons under U.S.S.G. § 1B1.13 and he is precluded from his attacking his conviction under 18 U.S.C. §3582.

A district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be

1

consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; (3) and the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

Lennox seeks compassionate release by claiming innocence and ineffective assistance of counsel. (Doc. 107.) The Government argues these are not enumerated reasons under U.S.S.G. § 1B1.13 and the Court agrees. Lennox's arguments are an attempt to challenge his conviction after his guilty plea, and these arguments are not proper for a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion"). "A [defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

Because challenging a conviction does not fall under an enumerated policy statement governing motions under 18 U.S.C. § 3582(c)(1)(A), Lennox has failed to demonstrate an extraordinary and compelling reason and the Motion for Compassionate Release is **DENIED**.

## CONCLUSION

For the reasons set forth above and in the Government's opposition (Doc. 110), the Court hereby **DENIES** Defendant's *pro se* motion requesting compassionate release.

**IT IS SO ORDERED**.

DATED:  April 14, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

2